IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE, SUCCESSOR TO WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF GS MORTGAGE SECURITIES CORPORATION II, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-GG10<br>*Plaintiff,*<br><br>VS.<br><br>HOUSTON STRUCTURES, LLC (DBA RETAIL STRUCTURES OF HOUSTON, LLC), HALSTON MIKAIL, AND KAVEH BRAL (A/K/A KEVIN BRAL)<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT AND VERIFIED EMERGENCY APPLICATION FOR APPOINTMENT OF RECEIVER

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff U.S. Bank, National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, successor to Wells Fargo Bank, N.A., as Trustee for the registered holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2007-GG10 ("2007-GG10 Trust" or "Lender"), acting by and through CWCapital Asset Management LLC, solely in its capacity as Special Servicer for the 2007-GG10 Trust, files this Complaint and Verified Emergency Application for Appointment of a Receiver (the "Complaint") against Defendants Houston Structures, LLC (DBA RETAIL STRUCTURES OF HOUSTON, LLC) (referred to as "Borrower"), and Halston Mikail, and Kaveh Bral

(a/k/a Kevin Bral) (collectively referred to as "Guarantors").  The Borrower and Guarantors are collectively referred to herein as Defendants.

## I.
## NATURE OF RELIEF SOUGHT

1.      This is an action arising out of the Borrower's breach of a commercial real estate loan in the original principal amount of $7,760,000.00.  The loan is secured by a retail shopping center commonly known as Barker Cypress Market Place, located at 17817 FM 529 (Spencer Road), Houston, Texas 77059 (the "Property").  The Borrower has failed to make monthly payments under the note since January 2013. Under the Deed of Trust, the Borrower expressly consented to the appointment of a receiver upon the occurrence of an event of default, without further notice to the Borrower and without regard for the adequacy of the security for the debt.

2.      Lender seeks the appointment of a receiver to enter upon and take full control over the management and operations of the Property.  It is critical that the Court appoint a qualified receiver to take over the management and operations of the Property to preserve and maintain the Property and to protect the Lender's collateral pending its disposition.

## II.
## PARTIES

3.      The 2007-GG10 Trust is a real estate mortgage investment conduit (REMIC) trust for which U.S. Bank, N.A. ("U.S. Bank") is the Trustee and real party in interest. U.S. Bank is a national banking association, having its main office as designated in its articles of association in Cincinnati, Ohio; thus, U.S. Bank is a citizen of the State of Ohio.  *See Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303 (2006) (citizenship of national banking association is state in which its main office, as set forth in the articles of association, is located); *see also LaSalle Bank Association v. Nomura Asset Capital Corporation,* 180 F. Supp. 465, 468 (S.D.N.Y. 2001) (court looks to citizenship of trustee to determine citizenship of REMIC trust).

2

4.      Defendant HOUSTON STRUCTURES, LLC (DBA RETAIL STRUCTURES OF HOUSTON, LLC) is a Delaware limited liability company doing business in Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Upon information and belief, the sole member of HOUSTON STRUCTURES, LLC is Walden Structures LLC, a California limited liability company, whose managing members are Defendants Halston Mikail and Kaveh Bral (a/k/a Kevin Bral), individuals who reside in California. Accordingly, HOUSTON STRUCTURES, LLC is a citizen of California for purposes of diversity jurisdiction.

5.      Defendant HOUSTON STRUCTURES, LLC (DBA RETAIL STRUCTURES OF HOUSTON, LLC) may be served with process via its registered agent, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

6.      Defendant HALSTON MIKAIL, Guarantor, is an individual residing in California and doing business in Texas, who upon information and belief, may be served with process at 704 Walden Dr., Beverly Hills, California, 90210-3125, or at 3220 Nebraska Avenue, Santa Monica, California, 90404, or wherever he may be found.

7.      Defendant KAVEH BRAL (A/K/A/ KEVIN BRAL) Guarantor, is an individual residing in California and doing business in Texas, who upon information and belief, may be served with process at 13030 Evanston Street, Los Angeles, California 90049-3608, or 3220 Nebraska Avenue, Santa Monica, California, 90404, or wherever he may be found.

### III.
### JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. Section 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and the parties are citizens of different states.  For purposes of diversity jurisdiction,

Plaintiff is deemed to be a citizen of Ohio, and each of the Defendants is deemed to be citizens of California.

9.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     This Court also has jurisdiction over this matter and venue is proper because the Defendant expressly consented to this action in the promissory notes and related loan documents made the subject of this Complaint.  *See* Ex. A at ¶16.

## IV.
## FACTUAL BACKGROUND

Promissory Note

11.     On February 15, 2007, the Borrower executed a Deed of Trust Note in the principal amount of $7,760,000 (SEVEN MILLION SEVEN HUNDRED SIXTY THOUSAND DOLLARS) in favor of Goldman Sachs Commercial Mortgage Capital, LP (the "Original Lender") to finance the purchase of the Barker Cypress Market Place retail complex, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit A** (the "Note"). The Borrower executed the Note in connection with its ownership and operation of the Property.

The Deed of Trust and Security Agreement

12.     The Note is secured by, among other things, a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Security Instrument").  A true and correct copy of the Security Instrument, dated February 15, 2007, attached hereto and incorporated herein as **Exhibit B**, is recorded as Document No. 20070109548 in the Real Property Records of Harris County, Texas.

Guaranty Agreement

13.     The Note is also secured by the personal guaranties of Defendants KAVEH BRAL
(A/K/A/ KEVIN BRAL) and HALSTON MIKAIL, dated February 15, 2007, in which Mr. Bral and
Mr. Mikail personally guaranteed the payment of certain obligations in connection with the loan,
including the payment of attorneys' fees and legal costs reasonably incurred by the Lender in
connection with collection or enforcement of the loan agreement.  A true and correct copy of the
Guaranty Agreement is attached hereto and incorporated herein as **Exhibit C**.

Assignment of the Note, Security Instrument, and Related Loan Documents to Plaintiff

14.     On February 15, 2007, the Note, Security Instrument, Guaranty, and all related
loan documents were assigned by the Original Lender to Wells Fargo Bank, N.A., as trustee for
the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-
Through Certificates, Series 2007-GG10 ("Wells Fargo").

15.     A true and correct copy of the allonge endorsement from the Original Lender to
Wells Fargo is attached to the Note.  *See* Ex. A.

16.     A true and correct copy of the Assignment of Deed of Trust, Assignment of
Rents, Security Agreement and Fixture Filing, dated February 15, 2007, is recorded as Document
No. 20080067946 in the Official Records of the Harris County Clerk's Office, a true and correct
copy of which is attached as **Exhibit D**.

17.      On or about March 31, 2009, Wells Fargo assigned the Note, Security
Instrument, Guaranty and all related loan documents to Bank of America, N.A., as trustee for the
Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-
Through Certificates, Series 2007-GG10 ("Bank of America").

18.     A true and correct copy of the allonge endorsement from Wells Fargo to Bank of
America is attached to the Note.  *See* Ex. A.

5

19.     A true and correct copy of the Assignment of Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents, dated March 31, 2009, is recorded as Document No. 20090364567 in the Official Records of the Harris County Clerk's Office, a true and correct copy of which is attached as **Exhibit E**.

20.     On or about December 30, 2010, the Global Securities Solutions securitization trust administration business of Bank of America, N.A. was acquired by U.S. Bank National Association.  As a result of this acquisition, the Note, Security Instrument, Guaranty, and all related loan documents were acquired by Plaintiff.

21.     Plaintiff, as successor-in-interest to Bank of America, is the present owner and holder of the Note, Security Instrument, Guaranty, and all related loan documents.

<u>Monetary Default</u>

22.     Beginning in January 2013, the Borrower failed to make the scheduled monthly payments due under the loan documents, and have failed to make the required payments on each of January 6, 2013, February 6, 2013, March 6, 2013, and April 6, 2013. As a result of such non-payment, an "Event of Default" has occurred.  *See* Ex. A at ¶1; Ex. B at ¶22(a) at p.55; Ex. G.

23.     Despite notice of default and demand for payment, a true and correct copy of which is attached and incorporated herein as **Exhibit F**, the Defendants have failed to satisfy the payment obligations under the Note and related loan documents.

24.     As all payments made to date were interest-only, the full principal balance of $7,760,000 dollars remains outstanding on the loan. Interest on these amounts continues to accrue, and the debt has been accelerated as authorized by the Note and related loan documents. Ex. A at ¶5; Ex. B at ¶25(a)(i).

25.     In addition to payment of the outstanding principal balance, other sums, including but not limited to pre-payment premium, interest, late charges, tax and insurance amounts, and attorneys' fees and costs, remain outstanding as set forth under the terms of the Note, Security Instrument, Guaranty, and related loan documents.

26.     Plaintiff is entitled to recover all of its legal costs and expenses, including attorneys' fees and costs, reasonably incurred in connection with this litigation or other legal proceedings for the collection or enforcement of the loan against the Defendants.  *See* Ex. A at ¶ 13(iv); Ex. B at ¶52(iv); Ex. C at ¶ 1.2(d).

<u>Additional Event of Default</u>

27.     Borrower has failed or refused to deposit a letter of credit when H.E. Butt Grocery Company notified the Borrower of the non-renewal of its lease, as required by Section 6(c) of the Security Instrument.  As such, an Event of Default has occurred under the Security Instrument. Ex. B at ¶23(o).

### V.
### <u>BREACH OF CONTRACT</u>

28.     The Defendants executed the Note, Security Instrument, Guaranty, and related loan documents on or about February 15, 2007, which are valid and enforceable contracts.

29.     Plaintiff performed its obligations under the contracts. The Defendants breached their obligations by, among other things, failing to pay sums due and owing pursuant to the terms of the Note and related loan documents, which constitutes an "Event of Default" thereunder. *See* Ex. B at ¶22(a); Ex. G.

30.     As a direct and proximate result of Defendants' breach of their contractual obligations, Plaintiff has suffered the following damages: all amounts due and owing under the terms of the Note, Security Instrument, Guaranty, and other related loan documents, including

but not limited to, the outstanding principal balance, pre-payment premiums, interest, late charges, tax and insurance amounts, attorneys' fees, legal costs, and expenses incurred by the Plaintiff in enforcing the loan.

31.     The Plaintiff is entitled to file suit for such sums and to seek the appointment of a receiver for the Property upon an Event of Default. In fact, the Borrower expressly consented to such appointment in coordination with the execution of the loan.  *See* Ex B at ¶25(a)(vii), (viii).

### VI.
### EMERGENCY APPLICATION FOR APPOINTMENT OF RECEIVER

32.     Pursuant to Rule 66 of the Federal Rules of Civil Procedure and pursuant to Defendants' contractual agreement to the appointment of a receiver in the event of default, Plaintiff moves the Court to appoint a receiver to take control of, manage and operate the Property.

33.     At this time, Plaintiff does not have adequate information to determine whether its ultimate intention is to pursue foreclosure, seek a sale of the Property by the receiver, or secure a sale of the Note.  Plaintiff seeks the appointment of a receiver pending such foreclosure or other disposition of the Property and if necessary, to provide for the orderly transfer of the Property to a purchaser while providing for the uninterrupted care and upkeep of the Property.

34.     Upon information and belief, the Property is currently operated by an agent or affiliate of the Borrower (i.e., self-managed), and the day-to-day management and operations of the Property are in distress.

35.     All parties who have an ownership interest in the Property have been joined in this action.

Considerations for Appointment of Receiver

36.     Federal courts consider the following factors in appointing receivers under Rule 66 of the Federal Rules of Civil Procedure:[1]

        a.      fraudulent conduct on defendant's part;

        b.      imminent danger of the property being lost, concealed, injured, diminished in value or squandered;

        c.      inadequacy of legal remedies;

        d.      probability that harm to plaintiff by denial of appointment would outweigh injury to parties opposing appointment;

        e.      plaintiff's probable success in the actions and the possibility of irreparable injury to plaintiff's interest in the property; and

        f.      whether plaintiff's interest sought to be protected will in fact be well served by a receiver.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-317 (8th Cir. 1993); *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. at 290, 292.  It is well settled that "creditors with a security interest in real property have a well-established interest in the property sufficient to support the appointment of a receiver."  *Brill & Harrington Invs. v. Vernon S & L Ass'n,* 787 F. Supp. 250, 253 (D.D.C. 1992).

Borrower's Consent to Appointment of a Receiver

37.     Importantly, the Borrower expressly consented to the appointment of a receiver. Specifically, the Security Instrument provides for the appointment of a receiver to take possession of the Property upon the occurrence of an Event of Default:

---

[1]     Federal Rule of Civil Procedure 66 provides as follows:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.  But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule.  An action in which a receiver has been appointed may be dismissed only by court order.

25.    **Remedies**

(a)    **Whenever an Event of Default exists, Beneficiary or Trustee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Trustor and in and to the Trust Property** by Beneficiary itself or through Trustee or otherwise, including, without limitation, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Beneficiary may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Beneficiary:

…

(vii)    **Apply for the appointment of a trustee, receiver, liquidator or conservator of the Trust Property, without notice and without regard for the adequacy of the security for the Debt** and without regard for the solvency of the Trustor, Guarantor or of any person, firm or other entity liable for the payment of the Debt.

(viii)    **At any time, and without notice, either in person, by agent, or by receiver to be appointed by a court, enter and take possession of the Trust Property or any part thereof**, and in its own name, sue for or otherwise collect the Rents.

Ex. B ¶25(a)(vii),(viii) at p. 60 (emphasis added).

38.    The Borrower has expressly consented to the appointment of a receiver pursuant to the Security Instrument and such consent is enforceable. *See Riverside Properties v. Teachers Ins. & Annuity Ass'n of America,* 590 S.W.2d 736, 738 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) (provisions in deed of trust and security agreements calling for appointment of a receiver pending foreclosure were adequate for trial court to order appointment of receiver). *See also U.S. v. Berk & Berk*, 767 F. Supp. 593, 597 (D. Ill. 1991) (contractual right to appointment of a receiver supports court's appointment of a receiver).

Proposed Receiver: Mr. Mark T. Fowler

39.    The receiver proposed by the Plaintiff is Mr. Mark T. Fowler, Vice-President of the Services Investment Group for the Gulf Coast Region of Transwestern Property SW GP, LLC d/b/a Transwestern.   Mr. Fowler has previously acted as a court-appointed receiver in

various receivership engagements, including in the Houston area.  Mr. Fowler has diverse experience managing distressed properties and has over 25 years of commercial real estate and finance experience.  *See* **Exs. G and G-1**, Affidavit and Resume of Mark Fowler.

40.     The Note, Security Instrument and related loan documents are in default, and the Plaintiff's primary collateral—Barker Cypress Market Place—must be protected.  It is in the mutual interest of both Plaintiff and the Defendants, and the remaining tenants, to obtain proper management so that the Property will be adequately protected and managed.

41.     The Plaintiff requests that Mr. Fowler be appointed as receiver and given the power to enter upon and take and maintain full control of the Property to the exclusion of the Borrower or its representatives, until such time as the Plaintiff is able to determine the ultimate disposition of the Property or until such further order of this Court.

42.     Plaintiff further requests that upon the appointment of the receiver, the Borrower and its representatives immediately surrender possession of the Property and deliver to Mr. Fowler or the appointed receiver, all documents, records (including all records on electronic media), accounts, surveys, plans and specifications relating to the Property, and all security deposits, prepaid rents, and other funds.

43.     The appointment of the receiver as requested herein, is contractually agreed to and consented to by the Borrower by virtue of the Security Instrument and is necessary to protect the Plaintiff's collateral.  *See* Ex B at ¶25(a)(vii), (viii).

44.     Plaintiff's request for the appointment of a receiver is made without prejudice to Plaintiff's right to exercise a nonjudicial foreclosure or its other remedies as provided for by the Note, Security Instrument, and other related loan documents.  *See* Ex.B at ¶25(a)(ii).

**VII.**
**REQUEST FOR IMMEDIATE HEARING**

45.     Any delay in appointing the receiver risks devaluation of the Property and will compromise the adequacy of Plaintiff's collateral.  Therefore, Plaintiff requests an immediate hearing on its Application for Receiver.

**VIII.**
**CONDITIONS PRECEDENT**

46.     All conditions precedent to Plaintiff's recovery have occurred or have been performed.

**IX.**
**REQUEST FOR WAIVER OF APPLICANT'S BOND AND RECEIVER'S BOND**

47.     Plaintiff requests the Court waive or, in the alternative, set its applicant's bond and receiver's bond in nominal amounts, because it is highly unlikely that the appointment of a receiver could be determined later to be wrongful.  This is so because the parties expressly contracted for this remedy.  *See supra*, Ex. B ¶25(a)(vii),(viii).

48.     Further, as the mortgagee, Plaintiff is entitled to the appointment of a receiver because the Borrower defaulted on its loan obligations.

49.     In addition, the applicant's bond and receiver's bond are intended to cover damages to the Property caused by the receiver's wrongful appointment.  Because the Borrower already contractually consented to the appointment of a receiver and is default of the loan, Defendants will have difficulty proving any damages by such appointment.

50.     Since the likelihood of overturning the appointment of a receiver is highly unlikely, Plaintiff requests that this Court waive the applicant's bond and receiver's bond, or in the alternative, set the bonds at nominal amounts.

**X.**
**ATTORNEYS' FEES AND EXPENSES**

51.     Plaintiff is entitled to recover its attorneys' fees, costs and expenses pursuant to the terms of the Note and the Guaranty, and as otherwise permitted by law.  *See* Ex. A at ¶ 13(iv); Ex. B at ¶52(iv); Ex. C at ¶ 1.2(d).

**XI.**
**PRAYER**

52.     Plaintiff respectfully requests that the Defendants be cited to appear and answer herein and that, on hearing this application, the Court appoint Mr. Fowler as receiver of the Property with the powers requested herein and in the proposed order attached hereto.

53.     Plaintiff also requests that upon trial of this cause it recover judgment and relief against the Defendants jointly and severally for the following:

- All amounts due and owing under the Note and related loan documents;

- Attorneys' fees, expenses, collection costs and costs of court;

- Pre- and post-judgment interest; and

- Any other relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

WINSTEAD PC

_____/s/  *Yasmin Islam Atasi*_____
Yasmin Islam Atasi
State Bar No. 10435150
Federal ID No. 13119

1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002-5895
Telephone:  713.650.8400
Facsimile:  713.650.2400

ATTORNEY-IN-CHARGE FOR
PLAINTIFF, U.S. BANK, NATIONAL
ASSOCIATION, AS TRUSTEE, SUCCESSOR-
IN-INTEREST TO BANK OF AMERICA, N.A.,
AS TRUSTEE, SUCCESSOR TO WELLS FARGO
BANK, N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF GS MORTGAGE
SECURITIES CORPORATION II,
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-GG10

OF COUNSEL:

WINSTEAD PC
Emily Herbster
State Bar No. 24065403
Federal ID No. 974804
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002-5895
Telephone:  713.650.8400
Facsimile:  713.650.2400

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me the undersigned notary public on this day personally appeared Thomas Shearer, an authorized representative of CWCapital Asset Management LLC, which is authorized to act on behalf of U.S. Bank, National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, successor to Wells Fargo Bank, N.A., as Trustee for the registered holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2007-GG10 ("2007-GG10 Trust"), solely in its capacity as Special Servicer for the 2007-GG10 Trust, who, after being duly sworn stated under oath that he has read the foregoing Complaint and Emergency Application for Appointment of Receiver, and that every factual statement contained therein is true and correct based on his personal knowledge or information obtained from other persons.

U.S. Bank, National Association, as Trustee, successor-in-interest to Bank of America, N.A., as Trustee, successor to Wells Fargo Bank, N.A., as Trustee for the registered holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2007-GG10

By
CWCapital Asset Management LLC, solely in its capacity as Special Servicer for the 2007-GG10 Trust

**Thomas Shearer**
Senior Vice President

SWORN TO and SUBSCRIBED before me on this 22nd day of April, 2013.

Notary Public in and for the State of Texas

My Commission Expires:

VERETTA N. JACOBS
Notary Public, State of Texas
My Commission Expires
October 15, 2013